UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: [06 OCT 2010]
```

ARBITRON INC.,                                       :

                          Plaintiff,                 :        09 Civ. 4013 (PAC)

           -against-                                 :        ORDER

JOHN BARRETT KIEFL,                                  :

                          Defendant.                 :

-----------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant John Barrett Kiefl ("Kiefl") moves for reconsideration of the Court's

opinion of August 13, 2010, which granted plaintiff Arbitron's Rule 12(b)(6) motion to

dismiss Kiefl's counterclaim of joint inventorship of Arbitron's '276 patent. Specifically,

the Court held that Kiefl had failed to plead sufficient facts to establish that (1) he made a

significant contribution to the '276 patent; and (2) he worked toward a common goal with

the named inventors of the patent.

## LEGAL STANDARD

"Reconsideration of a previous order by the court is an extraordinary remedy to

be employed sparingly in the interests of finality and conservation of scarce judicial

resources." Hinds County, Miss. v. Wachovia Bank N.A., 700 F.Supp.2d 378, 407

(S.D.N.Y. 2010) (citation and quotation marks omitted). "The major grounds justifying

reconsideration are 'an intervening change in controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice.'" Id. (quoting

Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)).

Under Local Rule 6.3, a party moving for reconsideration of a court order must "set[]
forth concisely the matters or controlling decisions which counsel believes the court has
overlooked."

## ANALYSIS

Kiefl does not allege any "intervening change in controlling law" or "availability
of new evidence." He asserts both "clear error" and "manifest injustice."

**A. There was no clear error**

Kiefl argues that the Court made an improper factual determination that he and
the named inventors of the '276 Patent did not have a common goal. (Def. Mem. 3.)  This
is incorrect.  The Court made no factual determination; rather, the Court found that "some
factual allegations [showing a common goal] must be made in order to survive a 12(b)(6)
motion." Kiefl failed to make such allegations. (Opinion 10.)  This is neither an improper
factual determination on a motion to dismiss, nor clear error.

With respect to Kiefl's claims regarding whether his contributions to the '276
patent were significant, he argues that the court made an improper factual determination.
(Def. Mem. 6.) Again, Kiefl is incorrect. The Court held that "Cellular telephony is only
one of many means of data transfer systems encompassed within Claim 17 and, standing
alone, does not prove that Kiefl's contribution was significant." Stated differently, the
Court found that Kiefl did not present sufficient facts indicating that the contribution was
significant and, therefore, could not survive Arbitron's motion to dismiss. (Opinion 11.)

**B. There is no manifest injustice**

Kiefl argues there is manifest injustice because Arbitron may proceed with its
declaratory judgment claim, which he must defend, but he has no chance "to present his

2

mirror image counterclaim of inventorship." (Def. Mem. 10.)  But there is no rule that holds that a party is excused from stating a claim simply because such an outcome places that party in an inferior position.  If that were the rule, no Rule 12(b)(6) motion could ever be granted.

Kiefl is in a position of his own making, but that does not create a situation constituting "manifest injustice."  The motion to reconsider is DENIED.

Dated: New York, New York
       October 6, 2010

                                        SO ORDERED

                                        _____
                                        PAUL A. CROTTY
                                        United States District Judge